UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


ELIZABETH GARTMAN                          CIVIL ACTION

v.                                         NO. 17-12375

HOUSING AUTHORITY OF                       SECTION "F"
JEFFERSON PARISH


<u>ORDER AND REASONS</u>

Before the Court is the Housing Authority of Jefferson Parish's motion to dismiss Elizabeth Gartman's complaint for failure to state a claim. The plaintiff alleges federal and state law claims, but the motion is only directed to the federal law claims. The defendant also moves to dismiss the remaining state law claims for lack of subject matter jurisdiction if the Court grants the defendant's motion to dismiss the plaintiff's federal claims. For the following reasons, the defendant's motion to dismiss for failure to state a claim is GRANTED in part, as to the federal due process claim, and DENIED in part, as to the retaliation claim under the False Claims Act. The defendant's motion to dismiss for lack of subject matter jurisdiction is DENIED.

**Background**

These due process and False Claims Act retaliation claims arise out of the termination of an employee of a public agency, and the lawsuit that followed.

1

The Housing Authority of Jefferson Parish is a public body that provides housing assistance to low income residents in Jefferson Parish, Louisiana through the administration of various programs. Participation in these programs is determined by eligibility guidelines set by the U.S. Department of Housing and Urban Development. HUD supplies HAJP with most of its funding, and therefore, oversees HAJP's activities and spending, and works closely with HAJP employees.

HAJP hired Elizabeth Gartman on June 2, 2009 as an office manager. On June 12, 2012, Gartman and HAJP entered into an employment agreement setting forth the terms of Gartman's employment. The agreement provided that Gartman was an at-will employee, and could be terminated with or without cause and with or without notice by the Executive Director. In early 2016, HAJP did not renew its employment contract with the Executive Director. Gartman was appointed Acting Executive Director by a board resolution on April 12, 2016. Her appointment was intended to last for ninety days, but was extended indefinitely until a permanent Executive Director was hired.

By the end of the year, Gartman's relationship with her co-workers had deteriorated. In November 2016, Gartman contacted the HUD fraud hotline within the Office of the Inspector General. She reported that she suspected mismanagement and "apparent collusion" between the director of the New Orleans HUD Office, Cheryl

Williams, and members of the HAJP Board. Although reports to the hotline are expected to be kept confidential, Williams was informed of Gartman's call and confronted Gartman. Shortly thereafter, according to the complaint, Gartman was forced to complete unnecessary and burdensome tasks by the HUD and the HAJP board and experienced delays from both bodies in critical moments relating to HAJP's funds. Additionally, HUD required Gartman to submit a Corrective Action Plan that addressed HAJP's failure to comply with HUD rules and regulations pertaining to funding. From November 2016 until February 2017, Gartman alleges that she complied with HUD's request, but that prompted criticism and harassment from HAJP board members. She was terminated by the HAJP Board of Commissioners on February 21, 2017, allegedly as a result of her cooperation with HUD and alerting OIG to her suspicions regarding the relationship between certain HAJP board members and certain HUD employees.

Gartman brought this lawsuit against HAJP, alleging that she was retaliated against in violation of the False Claims Act, 31 U.S.C. § 3730(h), and in violation of her federal due process rights. She also made several claims under state law. On January 18, 2018, HAJP moved to dismiss the complaint for failure to state a claim, pursuant to Fed. Rule of Civ. Proc. 12(b)(6). The motion to dismiss was directed solely at Gartman's federal law claims. HAJP also moved to dismiss for lack of subject matter jurisdiction,

pursuant to Fed. Rule of Civ. Proc. 12(b)(1), in the case the Court granted the motion to dismiss and only the state law claims remained.

I.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Such a motion is rarely granted because it is viewed with disfavor. See Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997)(quoting Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982)).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)(citing Fed. R. Civ. P. 8). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In considering a Rule 12(b)(6) motion, the Court "accept[s] all well-pleaded facts as true and view[s] all facts in the light most favorable to the plaintiff." See Thompson v. City of Waco, Texas, 764 F.3d 500, 502 (5th Cir. 2014) (citing Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys, 675 F.3d 849, 854 (5th

4

Cir. 2012)(en banc)). But, in deciding whether dismissal is warranted, the Court will not accept as true legal conclusions. Id. at 502-03 (citing Iqbal, 556 U.S. at 678).

To survive dismissal, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009)(quoting Iqbal, 556 U.S. at 678)(internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). The Court's task "is to determine whether the plaintiff stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." Thompson v. City of Waco, Texas, 764 F.3d 500, 503 (5th Cir. 2014)(citation omitted). This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. "Where a complaint pleads facts

that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. at 678 (internal quotations omitted) (citing Twombly, 550 U.S. at 557). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'", thus, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original) (citation omitted).

## II.

Gartman alleges that the HAJP retaliated against her, in violation of the False Claims Act, 31 U.S.C. § 3730(h), after she reported mismanagement and collusion on the HUD fraud hotline and cooperated with HUD members following her reports. The False Claims Act makes it a crime to present a false or fraudulent claim for payment or approval by the federal government.[1] 31 U.S.C. §

---

[1] The False Claims Act makes it a crime when a person: "(A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval; (B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim; (C) conspires to commit a violation of subparagraph (A), (B), (D), (E), (F), or (G); (D) has possession, custody, or control of property or money used, or to be used, by the Government and knowingly delivers, or causes to be delivered, less than all of that money or property; (E) is authorized to make or deliver a document certifying receipt of property used, or to be used, by the Government and, intending to

3729(a). It also creates a cause of action, known as the whistleblower statute, for employees who are retaliated against after attempts to stop a violation of the FCA. 31 U.S.C. § 3730(h); U.S. ex rel. Bias v. Tangipahoa Parish School Bd., 816 F.3d 315, 323 (5th Cir. 2016). "To survive a motion to dismiss, a plaintiff alleging injury under Section 3730(h)(1) must show (1) he engaged in protected activity, (2) his employer, or the entity with which he has contracted or serves as an agent, knew about the protected activity, and (3) he was retaliated against because of his protected activity." Id. The defendant only contests that Gartman engaged in a protected activity, contending that reporting misappropriation and collusion and cooperating with HUD are not protected activities. Accordingly, whether Gartman stated a claim turns on whether her conduct is protected under the FCA.

The whistleblower provision is "intended to encourage those with knowledge of fraud to come forward." Robertson v. Bell

---

defraud the Government, makes or delivers the receipt without completely knowing that the information on the receipt is true; (F) knowingly buys, or receives as a pledge of an obligationor debt, public property from an officer or employee of the Government, or a member of the Armed Forces, who lawfully may not sell or pledge property; or (G) knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government." 31 U.S.C. § 3729(a).

Helicpopter Textron, Inc., 32 F.3d 948, 951 (5th Cir. 1994). An activity only qualifies as a protected activity if it is "in furtherance of uncovering fraud or potential fraud against the government. U.S., ex rel. Johnson v. Kaner Medical Group, P.A., 641 Fed. Appx. 391, 395 (5th Cir. 2016)(unpublished)(internal quotations omitted). The activity must be related to "matters that reasonably could lead to a viable claim under the Act." U.S. ex rel. George v. Boston Scientific Corp., 864 F.Supp.2d 597, 605 (S.D. Tex. 2012); e.g., Hoyte v. Am. Nat. Red Cross, 518 F.3d 61, 66 (D.C. 2008); U.S. ex rel Gray v. Lockheed Martin Corp., Civ. Action No. 05-4201, 2010 WL 672017, at *2 (E.D. La. 2010)(unpublished). But a whistleblower is not required to file a lawsuit against her employer to receive protection under the law.[2] Robertson v. Bell Helicopter Textron, Inc., 32 F.3d 948, 951 (5th Cir. 1994). The Fifth Circuit has held that raising concerns of the employer's conduct to a supervisor is only a protected activity if the conduct relates to the presentation of false claims to the

---

[2] The False Claims Act allows private parties to bring an action on the government's behalf, called a *qui tam* action. 31 U.S.C. § 3730(b),(c). *Qui tam* plaintiffs have a higher burden than those bringing retaliation claims. U.S., ex rel. Johnson v. Kaner Medical Group, P.A., 641 Fed. Appx. 391, 395 (5th Cir. 2016)(unpublished). The Fifth Circuit has explained that it would be unfair to protect a *qui tam* plaintiff who filed an "expensive and time-consuming lawsuit" while ignoring a plaintiff who reported his concerns to superiors, allowing for a "quick, voluntary and efficient disclosure of fraud." Robertson v. Bell Helicopter Textron, Inc., 32 F.3d 948, 951 (5th Cir. 1994)(quoting Neal v. Honeywell, Inc., 826 F.Supp. 266, 273 (N.D. Ill. 1993)).

government.[3] Id. Nonetheless, a complaint up the chain of command that does not allege fraudulent or illegal activity may be insufficient; simply reporting displeasure in an employer's action is outside the statute's protection. See Thomas v. ITT Educations Services, Inc., 517 Fed. Appx. 259, 263 (5th Cir. 2013)(unpublished); Robertson, 32 F.3d 948 (holding that reporting concerns to superiors of improper spending was not protected activity when the plaintiff never used the terms "illegal," "unlawful," or "qui tam actions").

The defendant contends that Gartman does not explicitly allege that any of her actions are protected activity. But Gartman is not required to state that her actions are protected as long as she alleges facts that allow the Court to draw the reasonable inference that she was engaged in a protected activity. See Iqbal, 556 U.S. at 678. The defendant further alleges that because reporting allegations of mismanagement and collusion could not lead to a viable claim under the False Claims Act, it is not a protected activity. The defendant misses the mark. Black's Law

---

[3] In Kaner Medical Group, 641 Fed. Appx. 391, 395 (5th Cir. 2016), the plaintiff sent two emails to her supervisors raising concerns about KMG's billing of Medicare-Medicaid patients. Even though the patients were involved in programs run by the government, the defendant was seeking payment from the patients themselves, not presenting false claims to the government. The court found that the plaintiff could not demonstrate how investigations of the direct billing of patients was in furtherance of uncovering or preventing fraud against the government.

Dictionary defines collusion as "an agreement to defraud another or to do or obtain something forbidden by law."[4] By alleging that she reported concerns that employees of HAJP, which is virtually fully funded by the federal government, are engaging in fraudulent or illegal activity with employees of HUD, a federal agency, Gartman alleged facts that could reasonably lead to a viable FCA claim. Gartman's complaint to the HUD fraud hotline was sufficiently related to the presentation of false claims to the government and alleges sufficiently improper conduct under the FCA to preserve her retaliation claim through the pleading stage.

### III.

Next, the Court turns to whether Gartman alleged sufficient facts to state a claim under her federal due process rights. Gartman alleges that her termination from employment violated her due process rights. A state cannot deprive an employee with a property right in continued employment of their property without due process. Cleveland Bd. of Educ. V. Loudermill, 470 U.S. 532, 538 (1985); Wallace v. Shreve Mem'l Library, 79 F.3d 427, 429 (5th Cir. 1996)("A public employee who has a property interest in her

---

[4] *Collusion*, BLACK'S LAW DICTIONARY 1719 (10th ed. 2014); see also *collusion*, MERRIAM-WEBSTER (Online ed.) https://www.merriam-webster.com/dictionary/collusion (defining collusion as a "secret agreement or cooperation especially for an illegal or deceitful purpose").

job cannot be fired without due process of law."). Louisiana law determines the nature of the property right in employment. Frazier v. Garrison I.S.D., 980 F.2d 1514, 1529 (5th Cir. 1993). Under Louisiana Law, an employee has a property interest in employment if: (1) she contracted with her employer to only be terminated for cause; or (2) if she is a "permanent classified employee." Wallace, 79 F.3d at 429.

Gartman's employment agreement provides that she is an at-will, not a for-cause, employee. In her complaint and again in her opposition, she concedes that she is an unclassified employee. In the motion to dismiss, HAJP also classified Gartman as an unclassified employee. However, the defendant referred to her as a classified employee during pre-suit discussions. On a 12(b)(6) motion to dismiss, the Court may only rely on "the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" Randall D. Wolcott, M.D., P.A. v. Sebelius, 635 F.3d 757, 763 (5th Cir. 2011) (quoting Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 338 (5th Cir. 2008)). The Court considers the plaintiff's allegations as to her employment status in the complaint; the defendant's past assertions are irrelevant. Because Gartman herself alleged that she is an at-will and unclassified employee, she does not have a property interest in employment and her employment may be terminated without due process.

11

IV.

Gartman asserts several claims under Louisiana law.[5] The Court has original jurisdiction over plaintiff's False Claims Act and due process claims, and supplemental jurisdiction over the state law claims. 28 U.S.C. §§ 1331, 1367(a). If the Court dismisses the federal law claims, it may decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(a); see United Mine Workers of America v. Gibbs, 383 U.S. 715, 725-26 (1966). The defendant moved to dismiss these claims for lack of subject matter jurisdiction under Rule 12(b)(1), if the Court dismissed her federal claims.

However, the Court finds that the plaintiff has an actionable claim under the False Claims Act, and therefore will continue to exercise supplemental jurisdiction over the plaintiff's state law claims.

Accordingly, IT IS ORDERED: that the defendant's motion to dismiss for failure to state a claim is GRANTED in part, as to the due process claim, and DENIED in part, as to the retaliation claim under the False Claims Act. IT IS FURTHER ORDERED: that the

---

[5] Specifically, Gartman claims a breach of the employment agreement, slander and defamation, detrimental reliance, intentional interference with contractual relations, intentional infliction of emotion distress in the workplace, improper termination of benefits, and unfair trade practices.

defendant's motion to dismiss remaining claims for lack of subject matter jurisdiction is DENIED.

New Orleans, Louisiana, February 22, 2018

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE