UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ELIZABETH GARTMAN                                CIVIL ACTION

v.                                               NO. 17-12375

HOUSING AUTHORITY OF                             SECTION "F"
JEFFERSON PARISH

<u>ORDER AND REASONS</u>

Before the Court is the plaintiff's motion for partial summary judgment that HAJP: (1) terminated her in violation of the employment agreement, (2) failed to compensate her for her accrued, unused vacation and sick time as required by the agreement, (3) owes her compensatory pay, and (4) is subject to statutory penalties and attorneys' fees pursuant to La. R.S. § 23:632. For the following reasons, the plaintiff's motion for partial summary judgment is GRANTED in part, as to her claims for vacation and sick time, statutory penalty wages, and reasonable attorneys' fees, and DENIED in part, as to her claims for improper termination and compensatory pay.

**Background**

This lawsuit arises out of the termination of a long-term employee of the Housing Authority of Jefferson Parish ("HAJP").

HAJP is a public body that provides housing assistance to low income residents in Jefferson Parish, Louisiana through the administration of various programs. On June 2, 2009, HAJP hired Elizabeth Gartman to serve as its Office Manager. Upon the

1

expiration of Gartman's initial employment agreement, Gartman and HAJP executed another employment agreement with a term extending from June 2, 2012 through June 2, 2017. Article 12.01(b) of this agreement provides that "[t]he Office Manager shall be an at-will employee, and may be terminated with or without cause, with or without notice by the Executive Director." Moreover, Article 7.02 stipulates that, "[u]pon voluntary resignation or termination, the Office Manager shall be compensated for all accrued unused vacation and sick leave without restriction or penalty, with a 30 day notice, according to Civil Service guidelines." As of April 2016, Gartman's contractual rate of pay was $33.15 per hour.

In early 2016, HAJP did not to renew its employment contract with the Executive Director. Gartman was appointed Acting/Interim Executive Director by a resolution of the Board of Commissioners on April 12, 2016. Although this appointment was intended to last for ninety days, it was extended indefinitely until a permanent Executive Director was hired. Indeed, Gartman retained this role for the remainder of her tenure with HAJP, which came to an end on February 21, 2017 when the Board of Commissioners terminated her employment. At the time of Gartman's termination, she had accumulated 463.73 hours of unused vacation time and 550.24 hours of sick time.

Following her termination, Gartman's attorney sent demand letters via email to two members of the Board on March 15, 2017,

and to HAJP's General Counsel on April 12, 2017, demanding compensation allegedly due under her employment agreement for the full term of the contract. Specifically, the letters sought $19,359.60 in unpaid wages from the date of her termination through the expiration of date of the contract, $33,613.11 worth of accumulated vacation and sick time, the value of other employment-related benefits through the end of the employment agreement, statutory penalty wages and attorneys' fees, and other employment related sums.

Then, on November 13, 2017, Gartman brought this lawsuit against HAJP, alleging that she was retaliated against in violation of the False Claims Act, 31 U.S.C. § 3730(h), and in violation of her federal due process rights.[1] She also alleged several claims under state law, including breach of the employment agreement, slander and defamation, detrimental reliance, intentional interference with contractual relations, intentional infliction of emotion distress in the workplace, improper termination of benefits, and unfair trade practices.

---

[1] On January 18, 2018, HAJP moved to dismiss the complaint for failure to state a claim, pursuant to Fed. Rule of Civ. Proc. 12(b)(6); this motion was directed solely at Gartman's federal law claims. In its Order and Reasons dated February 22, 2018, this Court granted in part the defendant's motion to dismiss for failure to state a claim, as to the federal due process claim, and denied in part the motion, as to the retaliation claim under the False Claims Act.

Specifically, Gartman's complaint submits that because the employment agreement states that her employment could be terminated only by the Executive Director of HAJP, by terminating her employment by the HAJP Board of Commissioners on February 21, 2017, prior to the agreement's end date of June 2, 2017, HAJP breached the agreement. Accordingly, Gartman alleges that HAJP owes her $19,359.60 in unpaid wages for the period between her termination on February 21, 2017 and the expiration of the agreement on June 2, 2017, as well as the value of other employment-related benefits to which she was allegedly entitled. Gartman further contends that because HAJP failed to pay her for the 463.73 hours of unused vacation time and 550.24 hours of unused sick time that she had accumulated as of her termination in contravention of the agreement, HAJP owes her $33,613.11 for the value of her accrued vacation and sick time.[2] Moreover, she seeks $49,725 in compensatory pay that she allegedly accumulated during her employment. Finally, Gartman asserts that because she was not compensated for her accrued, unused vacation and sick time within 15 days of her termination, she is entitled to statutory penalty wages pursuant to La. R.S. § 23:632, and since written demand for this claim was made to HAJP more than three days prior to the

---

[2] Gartman submits that a total of 1013.97 hours of unused vacation and sick time multiplied by her hourly wage of $33.15 equals $33,613.11.

filing of this suit, she is entitled to an award of reasonable attorneys' fees.

Gartman now moves for partial summary judgment on her claims that HAJP: (1) terminated her in violation of the employment agreement, (2) failed to compensate her for her accrued, unused vacation and sick time as required by the agreement, (3) owes her compensatory pay, and (4) is liable for statutory penalty wages and reasonable attorneys' fees pursuant to La. R.S. § 23:632.

I.

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). A genuine dispute of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he

must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987); Fed. R. Civ. P. 56(c)(2). "[T]he nonmoving party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." Hathaway v. Bazany, 507 F.3d 312, 319 (5th Cir. 2007)(internal quotation marks and citation omitted). Ultimately, "[i]f the evidence is merely colorable . . . or is not significantly probative," summary judgment is appropriate. Anderson, 477 U.S. at 249 (citations omitted); King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994) ("Unauthenticated documents are improper as summary judgment evidence.").

II.

Gartman seeks partial summary judgment that HAJP breached the employment agreement in the following two ways: (1) terminating her by the Board of Commissioners, rather than the Executive Director, and (2) failing to compensate her for her accrued, unused vacation and sick time upon her termination.

Louisiana law provides that "the essential elements of a breach of contract claim are the existence of a contract, the party's breach thereof, and resulting damages. The party claiming

the rights under the contract bears the burden of proof." 1100 S. Jefferson Davis Parkway, LLC v. Williams, 2014-1326 (La. App. 4 Cir. 5/20/15); 165 So. 3d 1211, 1216. Accordingly, to succeed on each aforementioned claim, Gartman must show that there has been a breach of the terms of her employment agreement.

A.

Gartman first seeks partial summary judgment that HAJP breached the employment agreement by terminating her by the Board of Commissioners, rather than the Executive Director. As such, the Court turns to Article 12.01(b), the relevant provision of the agreement regarding termination. This provision provides:

> The Office Manager shall be an at-will employee, and may be terminated with or without cause, with or without notice by the Executive Director.

In its Order and Reasons dated February 22, 2018, this Court recognized that Gartman was an at-will employee:[3]

---

[3] Pursuant to Louisiana law,

> [E]mployment contracts are either limited term or terminable at will. Under a limited term contract the parties agree to be bound for a certain period during which the employee is not free to depart without assigning cause nor is the employer at liberty to dismiss the employee without cause. When a contract does not provide for a limited term, an employer can dismiss the employee at any time and for any reason without incurring liability.

Read v. Willwoods Cmty., 14-1475 (La. 3/14/15), 165 So. 3d 883, 887.

> Gartman's employment agreement provides that she is an at-will, not a for-cause, employee. In her complaint and again in her opposition, she concedes that she is an unclassified employee . . . . Because Gartman herself alleged that she is an at-will and unclassified employee, she does not have a property interest in employment and her employment may be terminated without due process.

Gartman v. Hous. Auth. Of Jefferson Par., 17-12375, 2018 WL 1010194, *10 (E.D. La. Feb. 22, 2018).

Moreover, Gartman concedes in her deposition testimony that HAJP could terminate her for no reason.

> **Q:** And you've worked in Louisiana for a long time. Are you familiar with at will employment?
>
> **A.** They can fire you for no reason at all.
>
> **Q.** Right. Okay. And was that your understanding of your employment at the Housing Authority?
>
> **A.** Yes.

Interestingly, Gartman acknowledges that she was an at-will employee but nonetheless contends in her motion for summary judgment that "HAJP must still adhere to the provisions of the Agreement that covered her employment; otherwise, the Agreement would be rendered meaningless." However, she directs the Court to no case law to support this proposition.[4]

---

[4] In her reply papers, Gartman emphasizes that "individual terms contained in a written employment contract are not magically rendered moot when the same contract designates at-will

Since Gartman could be terminated at any time, that she was not terminated by the Executive Director (i.e., herself) is of no moment to her breach of contract claim. Her argument defies common sense. Indeed, the plaintiff's suggestion that she, as Acting/Interim Executive Director, had to terminate her own employment, or the HAJP Board of Commissioners had to hire another Executive Director in order to terminate her employment is patently absurd.

Because Gartman has not satisfied her burden of establishing, as a matter of law, that HAJP violated the employment agreement in terminating her, summary judgment in her favor is inappropriate. As a result, Gartman likewise is not entitled to summary judgment as to her claims for unpaid salary and other employment-related benefits for the period between February 21, 2017 and June 2, 2017.

---

employment." Moreover, to support her argument that "written employment contracts and at-will employment can co-exist," she invokes Reyes-Silva v. Drillchem Drilling Sols., LLC, 2010-1017 (La. App. 3 Cir. 2/2/11), 56 So. 3d 1173, 1178-79.

It is unclear how the plaintiff has extrapolated this proposition from Reyes-Silva. In that case, the Louisiana Third Circuit held that the trial court erred in granting summary judgment in favor of the employer by finding that the employment relationship was at-will but nonetheless asking the parties to prepare for trial on the issue of whether the plaintiff was terminated for "cause." Id. at 1177-78. The Third Circuit reasoned that "if the employment was truly at will, then there would be no need for a trial on cause." Id. at 1178.

B.

Gartman next seeks partial judgment as a matter of law that HAJP breached the employment agreement by failing to compensate her for accrued, unused vacation and sick time, as required by the agreement. To evaluate this claim, the Court must turn to the relevant provisions of the agreement regarding accrual of and compensation for leave.

Article 7.01 of the agreement, entitled "Accrual of Vacation and Sick Leave," provides:

> The Office Manager will accrue Vacation and Sick leave according to civil service guidelines.

Moreover, Article 7.02, entitled "Availability upon Resignation or Termination," states:

> Upon voluntary resignation or termination, the Office Manager shall be compensated for all accrued unused vacation and sick leave without restriction or penalty, with a 30 day notice, according to Civil Service guidelines.

Because the Louisiana Civil Service Rules govern Gartman's entitlement to vacation and sick leave, the Court now turns to the relevant provisions of those rules regarding vacation and sick leave. Rule 11.10 of the Louisiana Civil Service Rules, entitled "Payment for Annual Leave Upon Separation," provides:

> **(a)** Subject to Rule 11.18(a) and sub-section (b) of this rule, each employee upon separation from the classified service shall be paid the value of his accrued annual leave in a lump sum disregarding any final fraction

of an hour; . . . The payment for such leave
shall be computed as follows:

    1. When an employee is paid wages on an
       hourly basis, multiply his regular
       hourly rate by the number of hours of
       accrued annual leave.

    2. When an employee is paid on other than
       an hourly basis, determine his hourly
       rate by converting his salary in
       accordance with provisions in the
       uniform pay plan for conversion to a
       working hourly rate. Multiply his
       converted hourly rate by the number
       of hours of accrued annual leave.

**(b)** No terminal payment for annual leave
earned under these Rules shall exceed the
value of 300 hours, computed on the basis of
the employee's hourly rate of pay (includes
base supplement) at the time of his
separation.

Moreover, Rule 11.18(a), which qualifies Rule 11.10,

stipulates:

When an employee separates from the state
classified service, all accrued annual leave
except that which must be paid and all accrued
sick leave except that which must be paid
under Rule 11.10.1 shall be cancelled . . . .[5]
When read together, these Rules provide that the terminal

payment for annual leave of a *classified employee* shall not exceed

---

[5] Rule 11.10.1 provides that, upon the removal of an employee who
has less than eight days of sick leave and is unable to perform
the essential functions of his job due to illness or mental
disability, "he shall be paid the value of his accrued sick leave
in a lump sum, based on his regular hourly rate of pay, unless he
is reemployed in probational status in the classified state service
or is reemployed in the unclassified service, without a break in
service of one or more working days, in which cases the sick leave
will transfer to the employing agency."

the value of 300 hours, computed on the basis of the employee's hourly rate of pay at the time of the employee's separation, and that a classified employee accumulates sick leave but is not compensated for unused sick leave upon resignation or termination. Notably, these rules refer only to employees who separate from the "classified service," and it is undisputed that Gartman is an unclassified employee.[6]

Gartman contends that, as an unclassified employee, she accumulates leave at the same rate as a classified civil service employee but is not subject to the limits set forth in the Civil Service Rules.[7] Furthermore, she submits that the "without restriction or penalty" language in her agreement removes the applicability of the 300 hour limit on annual leave and the forfeiture of sick leave upon termination.

In response, HAJP explains that it follows Louisiana Civil Service Rules for the accumulation and compensation of annual and sick leave for its classified and unclassified employees. HAJP points to provisions in its employee handbook that allegedly mirror

---

[6] In responding to the plaintiff's Request for Admission No. 3, HAJP admitted that "in conjunction with its Motion to Dismiss, HAJP classified Gartman as an unclassified employee."

[7] Specifically, Gartman submits in her motion for summary judgment that the "references to the civil service guidelines within the Agreement . . . serve the function of, *inter alia*, setting forth the tiered system by which her vacation and sick time accrued" and that "a limit for accrued vacation and sick leave applies only to classified civil service employees."

the Civil Service rules and provide that, upon discharge, full-time and seasonal employees "will be paid for accrued but unused vacation. Leave shall not exceed the value of 300 hours computed on the basis of the employee's hourly rate of pay . . . . Employees are not paid for earned but unused sick days upon discharge."

Anticipating this argument, Gartman contends that because Article 7.02 of the agreement is unambiguous, extrinsic evidence, such as the employee handbook, is inadmissible to explain or contradict its terms. She further avers that any limit as to the number of hours she is to be compensated "would contradict the plain words of that unambiguous contractual provision."[8] The Court agrees that Gartman's interpretation of Article 7.02 is reasonable and that HAJP's is not. Gartman's interpretation reconciles the "without restriction or penalty" and "according to civil service guidelines" clauses, while HAJP's construction fails to address the former clause.

---

[8] "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent" (La. Civ. Code art. 2046), and the agreement must be enforced as written. Hebert v. Webre, 982 So. 2d 770, 773-74 (La. 2008). The issue of ambiguity of a contract is a legal question. Dore Energy Corp. v. Prospective Inv. & Trading Co., Ltd., 570 F.3d 219, 225 (5th Cir. 2009). The Court may consider extrinsic evidence as to the parties' intent only if the contract is ambiguous. Campbell v. Melton, 817 So.2d 69, 75 (La. 2002).

Moreover, HAJP does not address Gartman's contention that the plain language of Article 7.02 is unambiguous, precluding the consideration of extrinsic evidence. Instead, it attempts to frame the employee handbook as part of the employment agreement by pointing to Section to 3.01 of the agreement. This provision, entitled "Supervision of Staff," provides:

> The Office Manager shall supervise such Housing Authority staff and employees, permanent and temporary, as direct[ed] by the Executive Director. In carrying out her functions and responsibilities, the Office Manager shall be subject to applicable civil service laws, rules and regulations, and the policies and procedures of the HAJP.

Because the employment agreement provides that Gartman is "subject to . . . the policies and procedures of the HAJP," and the employee handbook existed when Gartman executed her agreement in June of 2012, HAJP contends that the provisions of the handbook apply to Gartman via the employment agreement.

This argument, although creative, is unpersuasive. The employment agreement does not directly refer to the employee handbook or otherwise incorporate language from the handbook as a qualification of Gartman's contractual right to be "compensated for all accrued unused vacation and sick leave without restriction or penalty . . . according to Civil Service guidelines." Additionally, Section 14.01 of the agreement expressly provides

that "[t]he text herein shall constitute the entire agreement between the parties," which further undermines HAJP's position.

Louisiana courts have recognized that "[i]n the event of any conflict between the employment contract and the Policy Manual, the employment Contract is the law between the parties and determines their respective rights and obligations." Amer v. Roberts, 15-0599 (La. App. 1 Cir. 11/09/15), 184 So. 3d 123, 133; Baldwin v. Bd. of Supervisors for Univ. of La. Sys., 14-0827 (La. 10/15/14), 156 So. 3d 33, 37; Mix v. Univ. of New Orleans, 609 So. 2d 958, 963-64 (La. App. 4 Cir. 1992). Because HAJP's employee handbook is not part of the employment agreement, it is of no moment that two provisions of the handbook contradict the plain language of Article 7.02 of the agreement. See Amer, 184 So. 2d at 133. Although it might be that HAJP intended to limit Gartman's recovery of vacation and sick leave upon her termination, the plain language of the agreement compels a different result.

Because no genuine dispute of material fact exists with respect to Gartman's entitlement to compensation for all of her accrued, unused vacation and sick time as of her termination date, and it is undisputed that HAJP has failed to compensate her for such time, the Court finds summary judgment in favor of the plaintiff on her claim for vacation and sick time appropriate.[9]

---

[9] To substantiate her contention that she had accumulated 463.73 hours of unused vacation time and 550.24 hours of unused sick time

III.

Gartman next seeks partial judgment as a matter of law that HAJP owes her $49,725 in compensatory pay. Interestingly, Gartman bases her entitlement to compensatory pay on the Louisiana Civil Service Rules but seeks such compensation as damages in connection with her breach of contract claim. Specifically, Gartman contends

---

as of her termination, Gartman submits an affidavit in which she attests that, as Office Manager, she kept a record of her own vacation and sick time, as well as that of all other employees, in the ordinary course of HAJP's business. Moreover, she attaches to her affidavit a "vacation and sick time" spreadsheet that reflects her accrued vacation and sick time.

Although HAJP attempts to create a factual dispute regarding the quantum of Gartman's accrued vacation and sick time, its efforts are unsuccessful. In responding to an interrogatory submitted by Gartman, which requested HAJP to "list the numerical amount of unused vacation [and sick] hours that HAJP's records reflect for Ms. Gartman," HAJP objected. In particular, HAJP stated:

> HAJP is forced to rely on the numbers provided by Ms. Gartman as Ms. Gartman unilaterally decided to discontinue use of a third-party payroll administrator for tracking employee time. According to Ms. Gartman's personal records she is accrued 463.73 hours of vacation time [and 550.24 hours of sick time] . . . .

Notably, HAJP does not present records that conflict with those kept by Gartman or provide evidence indicating that her records were fabricated. As such, there is no factual dispute regarding the quantum of Gartman's accrued vacation and sick time.

Because HAJP failed to pay Gartman for the 463.73 hours of unused vacation time and 550.24 hours of unused sick time that she had accumulated as of her termination, HAJP owes her $33,613.11 for unused vacation and sick time. A total of 1013.97 hours of unused vacation and sick time multiplied by her hourly wage of $33.15 equals $33,613.11.

16

that "the measure of damages recoverable for breach of a contract of employment is . . . the loss of the value of the contract" and that the value of her employment agreement includes compensatory pay. Because Gartman seeks compensatory pay as part of the damages related to her claim that HAJP violated the employment agreement by terminating her by the Board, summary judgment in her favor is inappropriate because the Court has determined that summary judgement as to this breach of contract claim is unsupported.

IV.

Finally, Gartman seeks partial judgment as a matter of law that she is entitled to an award of statutory penalty wages and reasonable attorneys' fees pursuant to La. R.S. § 23:632 because of HAJP's failure to pay her the unused vacation and sick time it owes her.

A.

The Louisiana Wage Payment Act imposes a duty on an employer, upon discharge of an employee, "to pay the amount then due under the terms of employment . . . on or before the next regular payday or no later than fifteen days following the date of discharge, whichever occurs first." La. R.S. § 23:631(A)(1)(a). This statute also provides:

> In the event of a dispute as to the amount due
> under this Section, the employer shall pay the
> undisputed portion of the amount due as
> provided for in Subsection A of this Section.
> The employee shall have the right to file an

action to enforce such a wage claim and
proceed pursuant to Code of Civil Procedure
Article 2592.

La. R.S. § 23:631(B).

An employer who fails to comply with the provisions of La.
R.S. § 23:631 may be liable for penalty wages.  Pursuant to La.
R.S. § 23:632(A), the penalty is the lesser of "ninety days wages
at the employee's daily rate of pay, or else [] full wages from
the time the employee's demand for payment is made until the
employer shall pay or tender the amount of unpaid wages due to
such employee."  However, penalty wages "should not be imposed on
the employer when it presents a good[-]faith non-arbitrary defense
to its liability for unpaid wages."  Hanks v. La. Cos., 16 334
(La. App. 3 Cir. 12/14/16), 205 So. 3d 1048, 1064 (internal
citations omitted).  In particular, La. R.S. § 23:632(B) provides
as follows:

> When the court finds that an employer's
> dispute over the amount of wages due was in
> good faith, but the employer is subsequently
> found by the court to owe the amount in
> dispute, the employer shall be liable only for
> the amount of wages in dispute plus judicial
> interest incurred from the date that the suit
> is filed.  If the court determines that the
> employer's failure or refusal to pay the
> amount of wages owed was not in good faith,
> then the employer shall be subject to the
> penalty provided for in Subsection A of this
> Section.

Accordingly, to recover penalty wages under La. R.S. § 23:632, the plaintiff must show that "(1) wages were due and owing; (2) demand for payment thereof was made where the employee was customarily paid; and (3) the employer did not pay upon demand." Hebert v. Ins. Center, Inc., 97-298, p. 9 (La. App. 3 Cir. 1/7/98), 706 So. 2d 1007, 1013. However, the employer can avoid penalty wages by "present[ing] a good[-]faith non-arbitrary defense to its liability for unpaid wages." Hanks, 205 So. 3d at 1064. For example, "[w]here there is a bona fide dispute over the amount of wages due, courts will not consider failure to pay as arbitrary refusal and generally will refuse to award penalties." Herbert, 706 So. 2d at 1013. Nonetheless, when the employer does not dispute that the employee is owed at least some amount of unpaid wages, failure to timely pay the undisputed amount warrants an award of penalty wages. See Hattaway v. Health Paradigm, LLC, 45,047 (La. App. 2 Cir. 3/3/10), 31 So.3d 1176, 1180.

In this case, there is no factual dispute in the summary judgment record regarding Gartman's entitlement to an award of penalty wages. First, wages were "due and owing," as this Court has determined that summary judgment in favor of Gartman on her claim for accrued, unused vacation and sick time is appropriate. Notably, accrued vacation and sick time "constitute[] wages pursuant to La. R.S. 23:631 and 23:632." Wall v. Ascension Credit Union, 2016-0487 (La. App. 1 Cir. 6/29/16), 2016 WL 6473021 at *1.

Second, demand was made to HAJP, as required by La. R.S. § 23:632, because Gartman's attorney emailed demand letters to two Board members and an attorney for the Board.[10] To satisfy her summary judgment burden on this prong, Gartman points to the deposition of Wayne Woods, the former General Counsel and current Executive Director of HAJP. In his deposition testimony, Woods acknowledges that Gary Gambel, Gartman's attorney, sent demand letters to Lawson and Martinez on March 15, 2017, and to Woods, himself, on April 12, 2017, demanding compensation for and itemizing Gartman's vacation and sick time. Third, it is undisputed that HAJP did not pay Gartman upon demand, as it had not compensated her for any accrued vacation or sick time as of September 4, 2018.[11]

Moreover, the "good faith" exception to liability for penalty wages does not apply to HAJP. In its opposition papers, HAJP contends that penalties are not proper in this case because "HAJP believes in good faith that Ms. Gartman is not entitled to

_____

[10] The Louisiana Second Circuit Court of Appeal has held that the demand requirement under La. R.S. § 23:632 is satisfied where written demand is made by plaintiff's counsel to defendant's counsel. Webb v. Roofing Analytics, LLC, 48,248 (La. App. 2 Cir. 7/24/13), 121 So. 3d 756, 768. Moreover, the Louisiana Fourth Circuit has affirmed an award of penalty wages where the plaintiff made a demand for unpaid wages in an email sent to the company's manager. Kaplon v. Rimkus Consulting Grp., Inc. of Louisiana, 09-1275 (La. App. 4 Cir. 4/28/10), 39 So. 3d 725.

[11] HAJP admits in its Response to Plaintiff's Statement of Uncontested Facts that, as of September 4, 2018, it had not paid Gartman for her accrued unused vacation time or accrued unused sick time.

compensation for wages or benefits for the remaining term of her Employment Agreement, for any accrued sick time or any vacation time over 300 hours, or any compensatory time."  However, Gartman submits in her summary judgment motion that HAJP cannot avail itself of the "good faith" exception because it failed to compensate her for the amount of vacation time that it did not contest she was owed.  In support of this contention, Gartman points to the deposition of Wayne Woods taken on August 21, 2018, in which he testified that, "I think she's owed up to the 300 hours -- 300 hours of -- up to 300 hours in accordance with Civil Service Rules."  Because HAJP failed to pay Gartman within 15 days of her termination the undisputed amount of wages to which she was entitled – 300 hours of vacation time – she contends that it was not in good faith and is subject to penalty wages.

The Court agrees with Gartman, as this result is consistent with the Louisiana Second Circuit Court of Appeal's holding in Hattaway v. Health Paradigm, LLC, 45,047 (La. App. 2 Cir. 3/3/10), 31 So. 3d 1176, 1180.  In that case, the Louisiana Second Circuit found that the trial court committed legal error in failing to impose penalty wages because the employer did not dispute that the employee was owed some vacation pay but failed to compensate her for any of this time until five months after her termination.  Id. The court reasoned that because the employer's payroll records indicated that the employee was owed at least 4.44 hours of

vacation pay, its failure to timely pay this undisputed amount warranted penalty wages. Id.

Because the summary judgment record reveals no factual dispute as to Gartman's entitlement to penalty wages, partial judgment as a matter of law in her favor is appropriate as to this claim. Specifically, Gartman is entitled to 90 days' wages at her daily rate of pay as a penalty against HAJP for its failure to pay her accrued, unused vacation and sick time within 15 days of her termination, as required by La. R.S. § 23:631. Because more than 90 days have elapsed since March 15, 2017, when she first made demand for payment, 90 days' wages constitutes the appropriate measure of damages pursuant to La. R.S. § 23:632(A). As such, she is entitled to $23,868 in penalty wages.[12]

B.

Gartman also seeks partial judgment as a matter of law on her claim for reasonable attorneys' fees.

Pursuant to La. R.S. § 23:632(C), an employee is entitled to reasonable attorneys' fees, "which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed . . . after three days shall have elapsed from time of making the first demand following discharge

---

[12] Gartman submits in her verified complaint that $33.15/hour x 8 hours/day x 90 days is equal to $23,868.

or resignation." Louisiana courts have held that "[a] well-founded suit is one in which the employee prevails in the award of unpaid wages." Fahed, 211 So. 3d at 1187; see also Beard v. Summit Inst. for Pulmonary Med. & Rehab., Inc., 97-1784 (La. 3/4/98), 707 So. 2d 1233, 1237. This suit is "well-founded" because this Court has determined that summary judgment in favor of Gartman's claim for vacation and sick time is appropriate. Moreover, it is undisputed that written demand for her accrued unused vacation and sick time was made to HAJP more than three days prior to the filing of this suit, as Gartman made her initial written demand for wages on March 15, 2017 and filed this suit on November 13, 2017. Accordingly, Gartman is also entitled to partial judgment as a matter of law with respect to her claim for reasonable attorneys' fees.

Accordingly, IT IS ORDERED: that the plaintiff's motion for partial summary judgment is GRANTED in part, as to her claims for vacation and sick time, statutory penalty wages, and reasonable attorneys' fees, and DENIED in part, as to her claims for improper termination and compensatory pay.[13]

New Orleans, Louisiana, September 20, 2018

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[13] Should the parties fail to agree on an amount for attorneys' fees, the Court, on proper and timely motion, will refer the issue of quantum to the Magistrate Judge to resolve.